UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAI THI VU,

                Petitioner,

     v.

RON RACKLEY,

                Respondent.

Case No. 16-cv-06600-WHO (PR)

**ORDER OF DISMISSAL**

Dkt. No. 14

## INTRODUCTION

Petitioner Mai Thi Vu seeks federal habeas relief from her state convictions. Respondent moves to dismiss her petition as untimely. (Dkt. No. 14.) Vu failed to file an opposition, even though I extended the filing deadline at her request.

Vu's petition was more than two years late and she is not entitled to statutory or equitable tolling. The motion to dismiss is GRANTED and her petition is DISMISSED.

## BACKGROUND

On June 10, 2013, Vu pleaded no contest in the Santa Clara County Superior Court to forgery, recording a false instrument, and obtaining money by false pretenses pursuant to a negotiated disposition. (Pet., Dkt. 1-1 at 17-18.)[1] She also agreed to waive her

---

[1] The Court cites to the page numbers generated by the Court's electronic filing system.

appellate rights.  (*Id.* at 15.)  On August 19, 2013, she was sentenced to 10 years in state prison.  (*Id.* at 28-29.)

Four months later, on December 18, 2013, Vu filed a motion in which she asked the superior court to allow her to serve her sentence in county jail rather than in prison. (MTD, Dkt. No. 14-1 at 3.)  This motion was denied because it was filed outside the state's 120-day jurisdictional time limit.  (*Id.*)  She appealed, but her appeal was terminated on September 24, 2014 because it was an appeal from a nonappealable order.  (*Id.*)

On April 18, 2014, while the above appeal was pending, Vu filed a habeas petition in the superior court, which, on May 1, 2014, denied the petition on grounds that the court lacked jurisdiction over her petition while her case was on appeal.  (*Id.* at 3, 19, and 33-34.)  On November 14, 2014, she filed another habeas petition in the superior court, which, on December 10, 2014, denied it because Vu had waived her appellate rights.  (*Id.* at 37; 53-54.)  On October 2, 2015, she filed another habeas petition in the superior court, which, on November 18, 2015, denied the petition because the petition was unverified, untimely, and meritless.  (*Id.* at 2-7; 56.)

Vu later proceeded to the higher state courts.  On May 26, 2016, she filed a habeas petition in the state appellate court, which denied it on June 14, 2016.  (*Id.* at 124; 126.) On June 20, 2016, she filed a petition in the state supreme court, which denied it on the merits on October 26, 2016.  (*Id.* at 128; 214.)

The instant federal habeas petition was signed on October 31, 2016 and received by the United States District Court for the Northern District of California on November 15, 2016.  After respondent filed its motion to dismiss, I granted Vu a two month extension to file her opposition.  (Dkt. No. 17.)  That expired on September 29, 2017.  *Id.*  As of the date of this Order, no opposition has been filed.

## DISCUSSION

### I.    Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to every federal habeas petition filed on or after April 24, 1996, has a statute of

2

limitations, which is codified at 28 U.S.C. § 2244(d).  Federal habeas petitions must be filed within one year of the latest of the date on which:  (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could not have been discovered through the exercise of due diligence.  *See id.* § 2244 (d)(1).  "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires."  *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

## II.     Timeliness of the Petition

Vu's conviction became final, at the latest, on October 18, 2013, which was 60 days after she was sentenced and well before her December 18, 2013 motion to the superior court.[2]  *See* Cal. Rules of Court, rules 8.308(a).  She had one year, until October 19, 2014, to file a timely federal habeas petition.  Her petition was not filed until October 31, 2016,[3] more than two years after the October 19, 2014 deadline.  Absent statutory or equitable tolling, the petition is barred by AEDPA's statute of limitations and must be dismissed.

### A.     Statutory Tolling

For purposes of statutory tolling, the time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-

---

[2] Vu's convictions may well have been final the day of sentencing (August 19, 2013) because she had waived her appellate rights.  The Court need not decide this issue because even if one uses the later date (October 18, 2013, which was 60 days after the day of sentencing), Vu's petition is still untimely.

[3] Vu is entitled to this filing date, rather than the November 15, 2016 date listed in the docket.  The Court assumes that she put the petition in the prison mail the day she signed it (October 31, 2016) and will use that as the filing date under the prisoner mailbox rule.  *See generally Houston v. Lack*, 487 U.S. 266, 276 (1988).

United States District Court
Northern District of California

year limitations period. *See* 28 U.S.C. § 2244(d)(2). "Properly filed" is key here. "An application is 'filed,' as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record." *Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000). It is "properly filed" under § 2244(d)(2) when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. *Id.*

None of Vu's filings meet the requirements for statutory tolling. Her December 18, 2013 superior court motion (if one were to construe it as a form of postconviction relief) cannot toll the statute because it was not properly filed. The state court rejected it because it was filed outside the limitations period. Time limits are filing conditions and therefore "a state postconviction petition is therefore not 'properly filed' if it was rejected by the state court as untimely." *Allen v. Siebert*, 552 U.S. 3, 6 (2007). Her appeal of the superior court's decision also cannot toll the federal limitations period because it was an appeal of a nonappealable order. *Ramirez v. Yates*, 571 F.3d 993, 999 (9th Cir. 2009).

Vu's April 18, 2014 petition cannot toll the statute because it was rejected by the court on grounds of lack of jurisdiction. "[J]urisdictional matters . . . are 'condition[s] to filing,'" therefore a petition rejected on such grounds is not properly filed and therefore cannot toll the limitations period. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quoting *Bennett*, 531 U.S. at 9).

Vu's petitions filed from November 14, 2014 were filed after the limitations period expired (October 19, 2014), and therefore cannot toll the limitations clock. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). "Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

In light of this, Vu is not entitled to statutory tolling. Absent a showing that she is entitled to equitable tolling, the petition must be dismissed.

### B.     Equitable Tolling

A federal habeas petitioner is entitled to equitable tolling if he can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

United States District Court
Northern District of California

stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

Equitable tolling is not granted as a matter of course. It is "unavailable in most cases." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Id.* (citation omitted).

Vu has not shown that some extraordinary circumstance prevented her from timely filing her habeas action. To start, she made no showing at all because she did not respond to the motion to dismiss. But I will try to consider what her equitable tolling contentions might have been. A native of Vietnam, she states that her petition is untimely because she had to spend time challenging an immigration detainer brought against her in October 2013 by the Department of Homeland Security.[4] (Pet., Dkt. No. 1 at 13.) Perhaps she thought the law barred her from pursuing a federal habeas action until she had completed her challenge to the immigration detainer. Or maybe she felt that she lacked sufficient time to pursue both legal actions.

Neither possibility entitles Vu to equitable tolling. There is no legal reason that she could not attend to both matters simultaneously, and no such reason appears in or can be inferred from her filings. And, as her many filings following her conviction and sentence show, Vu was quite capable of litigating her rights and pursuing multiple legal remedies. But if this was a problem, she could have filed her habeas petition and then moved to stay the petition while she litigated her immigration detainer or at a minimum notified the court of any difficulty she was having. She did not do so.

Vu does allege that "[d]ue to the financial difficulty, it took [her] seven (7) months

---

[4] Vu also alleges that she has post-traumatic stress disorder. (Pet., Dkt. No. 1-1 at 42-43.) The record shows that despite this alleged difficulty, Vu was able to vigorously pursue legal action.

to retain a lawyer . . . to file the first level of the [s]tate writ of habeas corpus on 10/02/15." (Pet., Dkt. No. 1 at 13-14.)  This is not sufficient reason to grant equitable tolling.  She could have filed her first petition pro se, as she has done here in federal court. She has not shown that counsel was necessary.  She has lived in the United States since, at the latest, 1978, (*id.*, Dkt. No. 1-1 at 42), and has shown that she can ably pursue litigation.

Because no extraordinary circumstance appears or can be inferred from the record in this case, Vu's petition will be dismissed.

**CONCLUSION**

Respondent's motion to dismiss the petition as untimely (Dkt. No. 14) is GRANTED.  The petition is DISMISSED.

A certificate of appealability will not issue.  Vu has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall enter judgment in favor of respondent, terminate Dkt. No. 14, and close the file.

**IT IS SO ORDERED.**

**Dated:**  December 7, 2017



WILLIAM H. ORRICK
United States District Judge